IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(NEWPORT NEWS DIVISION)

| | |
|---|---|
| **KEITH FELTNER,**<br><br>　　　　**Plaintiff**,<br><br>　v.<br><br>**NEWPORT NEWS SHIPBUILDING EMPLOYEES' CREDIT UNION, INC.**<br><br>　　　　**Defendant**. | Civil Action No.  4:20-cv-174<br><br>Honorable _____ |

　　　Serve:　Stanley P. Leicester II
　　　　　　　Bayport Credit Union
　　　　　　　One Bayport Way, Suite 350
　　　　　　　Newport News, VA 23606

## COMPLAINT

Comes now the Plaintiff, KEITH FELTNER, by counsel, and moves for judgment against the Defendant, NEWPORT NEWS SHIPBUILDING EMPLOYEES' CREDIT UNION, INC., on the grounds set forth herein:

### Introduction

1. This is an action for disability discrimination pursuant to the Americans with Disabilities Act of 1991, 42 U.S.C. §2000e, *et seq.*, and the Virginians with Disabilities Act, Va. Code Ann. § 51.5-41 (1994).

### Parties

2. Plaintiff, Keith Feltner ("Feltner" or "Plaintiff"), is a disabled individual who resides in the City of Suffolk, Virginia, and was employed by Defendant from May of 2017 to September 10, 2019.

1

3. Defendant, Newport News Shipbuilding Employees' Credit Union, Inc., which operates under the name "Bayport Credit Union" (herein "Bayport"), is a for-profit nonstock corporation registered in the Commonwealth of Virginia (SCC ID: 00325753).

## Jurisdiction and Venue

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Specifically, the Plaintiff's complaint alleges a violation of the Americans with Disabilities Act of 1991 (ADA), 42 U.S.C. §2000e, *et seq*. The Plaintiff also alleges a violation of the Virginians with Disabilities Act (VDA), Va. Code Ann. § 51.5-41 (1994), *et seq.*, which is sufficiently related to the ADA claim and for which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Thus, this action involves questions arising under federal and state law.

5. Defendant is an "employer" engaged in an industry affecting commerce as defined by 42 U.S.C.S. § 12101, *et seq.*

6. This Court has personal jurisdiction over Defendant because at all times relevant, Defendant's principal office was located in Virginia. Defendant has purposefully availed itself of the resources of the Commonwealth.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Defendant has conducted sufficient business in Newport News, Virginia, also where Plaintiff was employed, which is within this Court's judicial district.

## Factual Allegations

8. Bayport is a non-federal credit union chartered in Virginia and servicing employees and families of Newport News Shipbuilding, based out of Newport News, Virginia.

9. Bayport hired Feltner in May of 2017, as an Integration Engineer, a position for which he was qualified by virtue of his education and experience, and he worked primarily from Bayport's Newport News office.

10. Feltner's primary duties involved database analysis and report development, for which Bayport information systems allowed and continues to allow employees like Feltner to work remotely from home.

11. In summer of 2018, Feltner was diagnosed with fibromyalgia and he requested from Bayport that he be allowed to work remotely from home due to the pain and discomfort that would build during a full day working at an office desk.

12. On December 28, 2018, Feltner was told by his supervisor, Denise Roberts, that he could no longer work from home, so to mitigate some of the pain and discomfort, Feltner decided to work a half-day in the office and take FMLA leave for the second half to work remotely from home so as to provide Bayport a full day of work.

13. On or about February 26, 2019, Feltner tendered to Bayport a reasonable accommodation letter from Koniki Aiken ANP-BC of the Department of Veterans Affairs (DVA), Medical Center, Hampton, VA. 2, stating that Feltner suffered "service connected disabilities to include arthritis, cervicalgia, IBS, and fibromyalgia" which were "exacerbated at the workplace due to multiple factors," and "advised it would be beneficial to Mr. Feltner to work from home." (A true and accurate copy of the Accommodation Letter is attached hereto as Plaintiff's Exhibit A)

14. Feltner ran out of FMLA leave, but Bayport refused to allow the reasonable accommodation advised by the DVA to prevent exacerbation of Feltner's painful disabilities.

15. Bayport discharged Feltner on September 10, 2018, for the reason being they could no longer hold his position open.

16. Feltner reasonably believes that he has been denied reasonable accommodation and discharged in violation of the ADA and the VDA.

## COUNT II
### (Violation of the Americans with Disabilities Act, as amended)

17. Plaintiff restates and re-alleges the allegations in paragraphs one through sixteen above as though fully stated herein.

18. As used in the ADA, disability means, with respect to an individual (a) a physical or mental impairment that substantially limits one or more major life activities of such individual; (b) a record of such an impairment; or (c) being regarded as having such an impairment.

19. As evidenced by the Accommodation Letter, Bayport was notified of Feltner's service connected disabilities and were advised that he should be allowed to work from home due to painful exacerbation of his disabilities during a full work day at the office.

20. Upon personal knowledge, information and belief of the Plaintiff, Bayport's information and security systems routinely allow employees to work remotely, therefore the reasonable accommodation requested by Feltner and advised by the DVA did not present an undue hardship to Bayport.

21. On or about January 14, 2020, Plaintiff filed a timely Charge of Discrimination alleging violation of the Americans with Disabilities Act of 1990, as amended, with the Equal

Employment Opportunity Commission ("EEOC"). (A true and accurate copy of EEOC Charge of Discrimination #437-2020-00014, is attached hereto as Plaintiff's Exhibit B)[1/]

22. On or about August 19th, 2020, the Plaintiff received his "Dismissal and Notice of Rights" letter from the EEOC for his Charge of Discrimination. (A true and accurate copy of EEOC "Dismissal and Notice of Rights" letter for EEOC Charge of Discrimination #10A-2019-00047, is attached hereto as Plaintiff's Exhibit C)

23. The Plaintiff has satisfied all statutory prerequisites for filing this action.

24. The Plaintiff has filed this action under the ADA within ninety (90) days after receipt of the "Notice of Right to Sue" letter from the EEOC.

25. Defendant's discriminatory conduct has caused Plaintiff to suffer a loss of pay and benefits.

26. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling his to compensatory damages pursuant to 42 U.S.C. § 1981a.

27. Defendant has engaged in discriminatory practices with malice and/or reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages pursuant to 42 U.S.C. § 1981a.

## COUNT II
**(Violation of the Virginians with Disabilities Act, as amended)**

28. Plaintiff restates and re-alleges the allegations in paragraphs one through twenty-seven above as though fully stated herein.

---

[1/] Feltner failed to notice at the time of filing, and undersigned counsel did not realize until drafting this complaint, that the EEOC Charge inaccurately stated the year of discharge in the particulars, but correctly stated the year in a prior section.

29. The VDA prohibits the discrimination "in employment or promotion practices against an otherwise qualified person with a disability solely because of such disability." Va. Code. § 51.5-41, *et seq.*

30. Bayport's refusal to allow the reasonable accommodation advised by the DVA and subsequent termination of Feltner, despite the lack of any hardship, much less an undue hardship, violated Feltner's rights pursuant to the VDA.

31. Feltner has suffered economic and noneconomic harm due to Bayport's arbitrary violation of the VDA.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment on both counts and relief be granted as appropriate, with specific amounts to be determined at trial:

1. That the Court grant damages of full front pay to the Plaintiff, with overtime;

2. That the Court grant damages of full back pay to the Plaintiff, with overtime;

3. That the Court grant Plaintiff compensatory damages;

4. That the Court grant Plaintiff punitive damages for Defendant's malicious conduct and/or reckless indifference;

5. That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees;

6. That the Court grant Plaintiff a jury trial; and,

7. That the Court grant Plaintiff all other relief the Court deems just and proper.

Dated: November 13, 2020                     Respectfully Submitted,
                                              KEITH FELTNER

By counsel,

/s/ Nicholas A. Hurston
Nicholas A. Hurston (VSB No. 86717)

Hurston Law Offices, PLLC
13 W. Beverley St., 2nd FL
P.O. Box 246, Staunton, VA 24402
(540) 324-8206 (Tel.)
(540) 675-4230 (Fax)
nickhurston@hurstonlaw.com
*Counsel for Plaintiff*